CASEY R. FRONK (Illinois State Bar No. 6296535)
*ADMITTED PRO HAC VICE*
FronkC@sec.gov
TRACY S. COMBS (Cal. Bar No. 298664)
CombsT@sec.gov
Counsel for Plaintiff
U.S. Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558

Local Counsel:
AMY JANE LONGO (Cal. Bar No. 198304)
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Email: LongoA@sec.gov
Phone: (323) 965-3835
Fax: (213)-443-1904

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

See underscored material below

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:20-cv-09813 DMG (AFMx) |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] PROTECTIVE ORDER |
| ALEX DUAIN FORESTER, an individual; MICHAEL ROBERT HICKS, an individual; YARDEN MOSHE MONY KRAMPF, an individual; CHRISTOPHER BYUNGIN LEE, an individual; SEAN ANDREW O'NEAL, an individual; MICHAEL ROY RAYNOR, an individual; and, LEE SOBEL, an individual, | |
| Defendants. | |

1. **DEFINITIONS**

   1.1   Party: any party to this action, including all of its officers, employees, attorneys, consultants, retained experts, and support staff.

   1.2   <u>Confidential</u> Discovery Material: all <u>Confidential</u> items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, Fed. R. Civ. Proc. 26 disclosures, testimony, transcripts, or tangible things) produced by a Party in discovery in the course of this litigation, whether voluntarily or in response to a request for production of documents pursuant to Fed R. Civ. Proc. 34, that are not otherwise publicly available.

   1.3   Receiving Party: a Party that receives <u>Confidential</u> Discovery Material from a Producing Party.

   1.4   Producing Party: a Party that produces <u>Confidential</u> Discovery Material in this action.

2. **SCOPE**

   The protection conferred by this Protective Order covers not only <u>Confidential</u> Discovery Material (as defined above), but also any <u>confidential</u> information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof that might reveal <u>Confidential</u> Discovery Material. The Parties shall stamp or otherwise mark <u>Confidential</u> Discovery Material with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". <u>Any use of Confidential material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Confidential material at trial.</u>

3. **DURATION**

   Even after termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

4.  **ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL**

4.1   The Parties shall not disclose Confidential Discovery Material received from a Producing Party, other than for purposes related to this litigation.

4.2   Confidential Discovery Material received from a Producing Party may be used for purposes related to this litigation, including use in depositions in this litigation, use in connection with expert witnesses and consultants, and may be submitted and/or referenced in filings and arguments made to the Court in this case.

4.3   Nothing in this Protective Order shall alter the Parties' obligations under Federal Rule of Civil Procedure 5.2.

4.4   No Party shall disclose Confidential Discovery Material for purposes not related to this litigation, including disseminating or disclosing Confidential Discovery Material to the media, making such information available to the public and/or posting such information on the internet. Notwithstanding this paragraph, nothing in this Protective Order shall restrict the dissemination of any document which is publicly available by virtue of being filed with the Court in the course of this litigation.

4.5   The Parties shall redact personally identifiable information from all Confidential Discovery Material electronically filed with the Court in this case as required by LR 5.2-1.  The Parties may file Confidential Discovery Material with the Court under seal only as permitted by LR 79-5.

4.6   Disclosure of "Disclosure or Discovery Material" by the Commission. Notwithstanding the above paragraphs, nothing in this Protective Order shall be construed to limit or otherwise abrogate the Commission's ability to makes its files available as described in the "Routine Uses of Information" section of SEC Form 1662 or to comply with any other statutory obligation.  The Commission may disclose Confidential Discovery Material in a manner consistent with the "Routine

Uses of Information" section of SEC Form 1662 or to comply with any other statutory or regulatory obligation without notifying or seeking permission from the Producing Party.

**IT IS SO ORDERED.**

_____
Alexander F. MacKinnon
UNITED STATES MAGISTRATE JUDGE

DATED: 7/20/2021