# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>  vs.<br><br>ALEX DUAIN FORESTER, an individual; MICHAEL ROBERT HICKS, an individual; YARDEN MOSHE MONY KRAMPF, an individual; CHRISTOPHER BYUNGIN LEE, an individual; SEAN ANDREW O'NEAL, an individual; MICHAEL ROY RAYNOR, an individual; and, LEE SOBEL, an individual,<br><br>        Defendants. | Case No.: CV 20-9813 DMG (AFMx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT YARDEN MOSHE MONY KRAMPF [84]** |

This matter came before the Court on Plaintiff United States Securities and Exchange Commission's ("Commission's") Renewed Motion for Final Judgment Against Defendants Alex Duain Forester, Michael Robert Hicks, and Yarden Moshe Mony Krampf. [Doc. # 84.] Krampf filed an Opposition to this Motion. [Doc. # 89.] The Court previously issued an Order on February 23, 2022 granting the Commission's motion for monetary relief against Defendant Krampf [Doc. # 76.] The Court held a hearing on the Renewed Motion on October 28, 2022. The Court, having considered all the evidence and arguments presented in Plaintiffs' Memorandum of Points and authorities in support of the Renewed Motion, and the record in this action, finds that:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commission's Renewed Motion for Final Judgment against Defendant Yarden Moshe Mony Krampf is GRANTED in part.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Krampf is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Krampf's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Krampf or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Krampf is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Krampf, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Krampf's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Court's February 23, 2022 Order is amended such that Defendant Krampf shall pay a civil penalty in the amount of $30,000.00 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant Krampf shall make this payment within 30 days after entry of this Final Judgment or such other schedule to which the parties may agree.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Yarden Moshe Mony Krampf as Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq*., and moving for civil contempt for the violation of any Court orders issued in this action.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: October 28, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE